IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARILYNN TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION No. |
| | ) |
| STATE OF TENNESSEE, | ) |
| DEPARTMENT OF INTELLECTUAL | ) |
| AND DEVELOPMENTAL DISABILITIES, | ) JURY DEMAND |
| | ) |
| Defendant. | ) |

# COMPLAINT

For her cause of action against Defendant State of Tennessee, Department of Intellectual and Developmental Disabilities, plaintiff Marilynn Tucker states as follows:

1. This is an action for equitable relief and damages for unlawful retaliation. Plaintiff's claims are brought under Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e *et seq.,* the Americans With Disabilities Act, as amended by the ADA Amendments Act (ADAAA), 42 U.S.C. §12101, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

## PARTIES

2. Plaintiff Marilynn Tucker is a citizen and resident of Primm Springs, Williamson County, Tennessee.

3. Defendant State of Tennessee Department of Intellectual and Developmental Disabilities ("DIDD"), is an agency of the State of Tennessee that may be served with process through the Tennessee Attorney General, Herbert H. Slatery, III, P.O. Box 20207, Nashville, Tennessee 37202-0207. The Commissioner of DIDD is Debra Payne.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of plaintiff's claims under 28 U.S.C. §§1331 and 1343(a) because this is a civil action arising under the laws of the United States and is brought to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights.

5. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391 because defendant is deemed to reside in this judicial district and the events or omissions giving rise to plaintiff's claims occurred in this district.

## FACTS

6. Plaintiff is a 65-year-old female attorney. She is a 1983 graduate of the University of Tennessee Law School, and she is licensed to practice law in the State of Tennessee. Plaintiff was employed by the defendant Department of

Intellectual and Developmental Disabilities of the State of Tennessee from March 2002 until she was notified that her employment was terminated by defendant on April 16, 2014. Her position when her employment was terminated was Attorney 4 in the Legal Division.

7. When defendant terminated plaintiff's employment, plaintiff was supervised by Richard Prybilla, who was employed by defendant as Director of Legal Services.

8. As of March 26, 2014, plaintiff was performing her job in a satisfactory manner. She received a formal, written, interim performance evaluation prepared and approved by her supervisor, Richard Prybilla, on March 25, 2014 and approved by his supervisor, Theresa Sloan on March 26, 2014. This interim evaluation was conducted according to defendant's applicable employment policies and it measured plaintiff as performing to standards in the areas in which her performance was assessed.

9. The employee policies and procedures applicable to plaintiff's job provide for ongoing performance feedback and state that a minimum requirement of the applicable performance management program is for a minimum of two interim reviews, to include discussions of an employee's performance and "if appropriate" the consequences of "unacceptable" or "marginal" performance. In addition, the applicable policies provide that performance evaluations may be used to determine which employees are candidates for demotion, suspension or dismissal due to

unsatisfactory performance. Plaintiff's interim performance evaluation in March 2014 had no negative rating or negative or critical comments about any aspect of plaintiff's performance on her job and did not indicate in any way that plaintiff was a candidate for an adverse job action based on her performance. Additionally, plaintiff had received no ongoing feedback indicating that her performance was in any way "marginal" or "unacceptable," she had not been counseled or notified about any current or ongoing performance or conduct issues related to her job, and there were no performance or disciplinary issues recorded in her personnel file as of the date of the March mid-year performance review.

10. On March 31, 2014, plaintiff filed a written internal complaint with the State of Tennessee Department of Human Resources. This complaint set forth plaintiff's good faith and reasonable belief that she had been subjected to different terms and conditions of employment and had suffered a hostile work environment by defendant on the basis of her sex, age, and/or a perceived disability. Plaintiff's complaint amounted to opposition to unlawful employment practices prohibited by Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e *et seq.*, the Americans With Disabilities Act, as amended by the ADA Amendments Act (ADAAA), 42 U.S.C. §12101, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

11. Almost immediately after plaintiff's supervisor, Richard Prybilla, and/or his supervisor, Theresa Sloan, learned of plaintiff's complaint that she had

filed with the Tennessee Department of Human Resources, they, or one of them, decided to terminate plaintiff and the process of terminating her was initiated. That process resulted in a final decision to terminate plaintiff, and that decision was communicated to plaintiff on April 16, 2014, just 16 days after she filed her complaint, and approximately a week after Prybilla and Sloan learned of plaintiff's protected activity. Prior to plaintiff's engaging in protected activity by complaining of unlawful discrimination, defendant had no grounds to and did not intend to terminate plaintiff's employment.

12. Defendant has asserted reasons for the decision to terminate plaintiff that are false, insufficient to justify termination, and/or are not the real reasons for the termination decision. The asserted reasons are pretextual and are designed to cover up defendant's true, unlawful motive. Defendant was motivated to terminate plaintiff for pretextual reasons because she had made a charge or opposed discriminatory practices under Title VII, the ADAAA, and/or the ADEA. The decision to terminate plaintiff was therefore made by defendant because plaintiff had engaged in activity for which she was protected against retaliation, in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e-3(a), the Americans With Disabilities Act, as amended by the ADA Amendments Act (ADAAA), 42 U.S.C. §12203, and the Age Discrimination in Employment Act, 29 U.S.C. §623(d).

13. Plaintiff has exhausted her administrative remedies. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on October 27, 2014. The EEOC issued plaintiff a Right to Sue Notice dated August 11, 2015, which plaintiff received on August 13, 2015. This Complaint is filed within 90 days of the date on which plaintiff received the Right to Sue Notice from the EEOC.

14. As a result of defendant's unlawful actions, plaintiff has suffered a loss of employment opportunities and earnings and a loss of future earnings and earning capacity, and plaintiff has suffered, and continues to suffer, non-monetary damages, including, but not limited to, anxiety, emotional and physical distress, humiliation, embarrassment, loss of esteem, damage to reputation, and loss of enjoyment of life.

## PRAYER FOR RELIEF

Based on the allegations of this complaint, plaintiff prays for the following relief:

1. For judgment for back pay and lost benefits under 42 U.S.C. §2000e-5(g);

2. For injunctive relief requiring defendant to reinstate plaintiff to her former position, or in the alternative for judgment for front pay against defendant;

3. For declaratory and equitable relief including an order declaring that defendant violated plaintiff's rights protected by Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e *et seq.,* the Americans With Disabilities Act, as

amended by the ADA Amendments Act (ADAAA), 42 U.S.C. §12101, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, and equitable relief requiring defendant to cease and desist from violating plaintiff's rights;

4. For judgment for compensatory damages under 42 U.S.C. §1981a(a)(1) in an amount to be determined by the jury;

5. For pre-judgment and post-judgment interest;

6. For expert witness fees and litigation expenses and costs in accordance with 42 U.S.C. §12205 and 42 U.S.C. §1988(b);

7. For reasonable attorney's fees in accordance with 42 U.S.C. §1988(b), 42 U.S.C. §12205, and/or 29 U.S.C. §216(b);

8. For such other general or equitable relief as plaintiff may be entitled to under the premises.

PLAINTIFF DEMANDS A JURY TO TRY THIS CASE.

/s/ Wade B. Cowan

Wade B. Cowan (S.C. #9403)
Of Counsel
Davies, Humphreys, Horton & Reese
85 White Bridge Road, Suite 300
Nashville, Tennessee 37205
(615) 256-8125
wcowan@dhhrplc.com
Counsel for plaintiff